331 P.2d 47]

[Crim. No. 6204. In Bank. Oct. 28, 1958.]

## THE PEOPLE, Respondent, v. HUGH EDWARD BENFORD, Appellant.

Bertram H. Ross, under appointment by the Supreme Court, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

THE COURT.—Defendant was charged with the crime of forgery in two counts and it was alleged that he had suffered two prior convictions for the crime of forgery. The trial court appointed counsel for defendant. Defendant pleaded guilty to the two counts of forgery and admitted the two prior convictions. Probation was denied and defendant was sentenced to imprisonment in the state prison for the term prescribed by law on each count, the sentences to run concurrently. Defendant appeals from the judgment of conviction.

We ordered a hearing on our own motion since this case involved the same question presented in *People* v. *Hyde, ante,* p. 152 [331 P.2d 42] i. e., the appointment of counsel on appeal for an indigent defendant who has been convicted of a crime. Our discussion of that question in the Hyde case also applies here.

Defendant's counsel appointed by this court to represent him on appeal states in his brief that "there is no problem to be dealt with by an appellate court." In a letter to his counsel on appeal defendant asserted that his defense counsel

at the trial made detrimental remarks at the time of sentencing. The transcript of the oral proceedings at the time of sentencing does not support this assertion.

The judgment is affirmed.

Schauer, J., concurred in the judgment.

Spence, J., did not participate herein.